**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
ANDREY ISAEV,

                        Plaintiff,

    -against-

GARY TATINTSIAN GALLERY, INC. and
GARRI TATINTSIAN,

                       Defendants.
------------------------------------------------------------------------X

Civil Action

Case No.

**COMPLAINT**

ANDREY ISAEV, by and through his attorneys, LYDECKER, set forth the following as and for its Complaint against Defendants GARY TATINTSIAN GALLERY, INC. and GARRI TATINTSIAN:

**INTRODUCTION**

1. Plaintiff, Andrey Isaev (hereinafter "Plaintiff", or "Isaev"), by its counsel Lydecker, asserts causes of action including account stated, conversion, civil theft, fraud in the inducement, and unjust enrichment against Defendants Gary Tatintsian Gallery, Inc. and Garri Tatintsian a/k/a Gary Tatintsian (hereinafter collectively "Defendants") arising from Defendants' wrongful conduct. Defendants have fraudulently misrepresented that monies will be returned to Plaintiff arising from a failed art transaction in which Defendants received $5,250,000 in the Southern District of New York from Plaintiff for the acquisition of two works of art in February 2022. After Defendants could not deliver the two works of art, a portion of the funds were used to aquire a lesser work of art, and Defendants intentionally converted the $3,400,000 balance. As of the filing of this action, Defendants has only repaid $1,495,000 of the converted funds. Thus,

Plaintiff seeks compensatory damages in an amount not less than the unpaid balance of $1,905,000 owed by Defendants, and punitive damages along with prejudgment interest.

## THE PARTIES

2. Plaintiff is an Israeli and Russian citizen and resides in Russia.

3. Defendant Gary Tatintsian Gallery, Inc. (the "Gallery") is a New York corporation, with its principal office located at 119 West 22nd Street #5, New York, New York, 10011.

4. Defendant Garri Tatintsian a/k/a Gary Tatintsian ("Tatintsian") is CEO of the Gallery and a New York resident and resides at the same address as the Gallery.

## JURISDICTION AND VENUE

5. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) or (2) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States or between citizens of a State and citizens or subjects of a foreign state.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to this action—including the transfer of funds to the Gallery, and the non-payment of funds to the Plaintiff—occurred in this District, and Defendants reside in this District.

## FACTUAL BACKGROUND

7. In February 2022, Plaintiff transferred a total of $5,250,000 to the Gallery for the acquisition of two fine art paintings.

8. The Gallery was unable to fufill its obligations to Isaev.

9. In April 2022, Defendants contacted Isaev and offered to apply $1,850,000 of the funds transferred to the Gallery for a lesser fine art painting, with Tatintsian's promise that the Gallery would immediately repay Isaev the $3,400,000 balance.

10. On or about June 24, 2022, the Gallery made a wire transfer payment of $500,000 to Isaev.

11. On or about July 1, 2022, the Gallery made a wire transfer payment of $480,000 to Isaev.

12. On or about July 5, 2022, the Gallery made a wire transfer payment of $250,000 to Isaev.

13. On or about July 19, 2022, the Gallery made its last wire transfer payment of $265,000 to Isaev, for a total returned as of the date of this pleading of $1,495,000.

14. Despite Defendants' repeated false assurances that Isaev would be repaid within two or three weeks, Defendants have made no further payments, leaving a balance of $1,905,000.

15. On or about June 9, 2023, Isaev served Defendants with a demand letter detailing and attaching the Gallery invoices paid by Isaev, the partial repayment made by the Gallery, confirming the remaining balance of $1,905,000 the Gallery owed Isaev, and demanding repayment by June 20, 2023.

16. Defendants confirmed by e-mail their acceptance of the demand letter the same day it was served. On the deadline for repayment set forth in the demand letter, Defendants requested by e-mail that Isaev extend the repayment date to July 12, 2023.

17. Isaev agreed to give Defendants one final extension through July 12, 2023, as requested. The Gallery, however, failed to repay the $1,905,000, or any portion of it, despite having well over a year to do so.

18. All conditions precedent have been waived or satisfied.

## COUNT I:  ACCOUNT STATED
**(Defendant Gallery)**

19. Plaintiff repeats and realleges each and every prior allegation made in paragraphs 1 through 18 as if fully set forth herein.

3

20. Isaev presented an account in the form of the Agreement to Defendant Gallery in the form of the demand letter described above.

21. The Gallery accepted the account set forth in the demand letter.

22. Despite the Defendants' subsequent request for an additional extension to repay Isaev the $1,905,000, the Gallery has failed to return any of this sum.

WHEREFORE, Plaintiff demands judgment against the Gallery for $1,905,000, pre-judgement and post-judgment interest, costs, and all other relief the Court deems just and appropriate under the circumstances.

## COUNT II: CONVERSION

23. Plaintiff repeats and realleges each and every prior allegation made in paragraphs 1 through 22 as if fully set forth herein.

24. Plaintiff has a possessory right and interest in the wire transferred monies to the Defendants.

25. Defendants interfered with the dominion of Isaev's property by not returning the monies.

26. Defendants acted without authorization by Isaev when Defendants exercised right of ownership and dominion over the property that belonged to Isaev when Defendants refused to return the monies belonging to Isaev.

27. Isaev has made multiple demands for the monies to be returned, including but not limited to:

   a. Upon information and belief, multiple text message communications in 2022 and 2023 between Isaev and Defendants;

   b. Upon information and belief, email correspondence between Isaev and Defendants in 2022 and 2023; and

c. A demand letter served on Tatintsian on June 9, 2023.

28. The demands for full return of Isaev's property were refused or avoided repeatedly by Defendants.

29. The Gallery has continuously throughout the past sixteen-month period exhibited a pattern of promising repayment of the total monies due so as to extend the time period that they retain unauthorized access and control of these funds.

WHEREFORE, Plaintiff demands judgment against the Defendants for $1,905,000, pre-judgement and post-judgment interest, costs, and all other relief the Court deems just and appropriate under the circumstances.

## COUNT III: CIVIL THEFT

30. Plaintiff repeats and realleges each and every prior allegation made in paragraphs 1 through 29 as if fully set forth herein.

31. The wire-transferred monies belonged to Plaintiff.

32. Defendants intentionally deprived Plaintiff of the aforementioned property by repeatedly refusing to repay the monies over a sixteen-month period of demands by Plaintiff as follows:

a. Upon information and belief, multiple text message communications in 2022 and 2023 between Isaev and Defendants;

b. Upon information and belief, email correspondence between Isaev and Defendants in 2022 and 2023; and

c. A demand letter served on Tatintsian on June 9, 2023.

33. The Gallery has continuously throughout the past sixteen-month period exhibited a pattern of promising repayment of the total monies due so as to extend the time period that they retain unauthorized access and control of all of these funds.

34. Defendants' conduct was unauthorized.

WHEREFORE, Plaintiff demands judgment against the Defendants for $1,905,000 pre-judgement and post-judgment interest, costs, and all other relief the Court deems just and appropriate under the circumstances.

## COUNT IV: FRAUD IN THE INDUCEMENT

35. Plaintiff repeats and realleges each and every prior allegation made in paragraphs 1 through 34 as if fully set forth herein.

36. Defendants represented that they could provide the two initial fine art paintings for $5,250,000.

37. After receiving the wired funds from Plaintiff, Defendants failed to deliver either fine art painting, and instead, Defendants claimed they would sell Isaev a lesser work of art from the same artist and repay the entire $3,400,000 remaining balance without delay.

38. The Gallery, however, only made partial payments in June and July 2022, and Defendants have failed to return Isaev $1,905,000 of his money.

39. Defendants deceived Isaev into transferring his property to the Gallery wherein Defendants used it for alternative purposes other than those agreed upon.

40. Defendants' actions caused injury to Plaintiff that is ongoing.

WHEREFORE, Plaintiff demands judgment against the Defendants for $1,905,000, pre-judgement and post-judgment interest, costs, and all other relief the Court deems just and appropriate under the circumstances.

## COUNT VI:  UNJUST ENRICHMENT

41. Plaintiff repeats and realleges each and every prior allegation made in paragraphs 1 through 40 as if fully set forth herein.

42. Defendants benefitted from the property (monies) of Isaev by receiving these funds and using them for over seventeen months.

43. This use was at Isaev's expense and caused significant economic damage to it.

44. Equity and good conscience require restitution by Defendants to Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendants for $1,905,000, pre-judgement and post-judgment interest, costs, and all other relief the Court deems just and appropriate under the circumstances.

## DEMAND FOR JURY

A trial by jury is hereby demanded on all issues so triable.

Dated: August 17, 2023
Melville, New York

**LYDECKER**

*/s/ Michael I. Goldman*
**Michael I. Goldman, Esq.**
200 Broadhollow Road, Suite 207
Melville, NY 11747
Telephone No.: (631) 260-1110
File No: 50335
*Attorneys for Plaintiff, Andrey Isaev*

Of Counsel:

Robert W. Pittman, P.A.
3050 Biscayne Blvd., Suite 701
Miami, Florida 33137
rpittman@gmail.com
Telephone No.: (786) 777-0205

7